UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ABRAM MELAMUD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:06-cv-1698 (PCD) |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| HOMELAND SECURITY, CITIZENSHIP | : | |
| AND IMMIGRATION SERVICES, | : | |
| ALBERTO GONZALES, MICHAEL | : | |
| CHERTOFF, EMILIO GONZALES, | : | |
| DENIS RIORDAN, and ETHAN ENZER, | : | |
| Defendants. | : | |

**RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants have moved the Court to reconsider its January 11, 2007, ruling granting in part Plaintiff's motion for attorney's fees and costs. For the reasons stated below, Defendants' Motion for Reconsideration [Doc. No. 16] is **granted.** The Court's January 11th ruling [Doc. No. 15] is hereby **vacated**, and Plaintiff's Motion for Attorney Fees [Doc. No. 7] is **denied.**

**I.     STANDARD**

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving

party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id.; Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). A party may also be entitled to reconsideration where a court overlooked controlling law or material facts. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (citations omitted); S. New England Tel. Co. v. Global Naps, Inc., 458 F. Supp. 2d 23, 25 (D. Conn. 2006). Ultimately, however, the question is a discretionary one, and the Court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

## II.    DISCUSSION

Familiarity with the details of this case is presumed. In brief, Plaintiff Abram Melamud, a Connecticut resident of Russian national origin, applied for naturalization in December, 2004. Despite Plaintiff's successful completion of the interview and examination portions of the naturalization process, his application was stalled for nearly two years due to a pending background check being processed by the Federal Bureau of Investigation ("FBI"). Beginning in February 2006, Plaintiff enlisted the assistance of counsel to inquire about his pending application with the Citizenship and Immigration Services ("CIS") but to no avail. In May 2006, the Social Security Administration ("SSA") threatened to terminate Plaintiff's retirement benefits if he did not obtain naturalization by November 2006. Over the course of seven months in 2006, Plaintiff's counsel made numerous inquiries to CIS, both by mail and in person, notifying CIS of the SSA deadline and requesting immediate adjudication of Plaintiff's application. CIS either

responded to Plaintiff's repeated requests by simply stating that the matter was still pending or it did not bother to respond at all. On August 3, 2006, Plaintiff's counsel emailed Assistant U.S. Attorney John Hughes to inform him that Plaintiff would file an action in this Court unless the adjudication of Plaintiff's naturalization application was expedited. After several attempts to resolve the matter, Mr. Hughes told Plaintiff's counsel that filing a court action would expedite the application. On October 26, 2006, Plaintiff filed a Complaint alleging violations of 42 U.S.C. §§ 1983 and 1988 and a proposed Order to Show Cause requesting that the Court compel the Defendants to adjudicate his application. The Court granted the Order to Show Cause, and a hearing was held on November 8, 2006. Plaintiff was naturalized on November 9, 2006, at the regularly scheduled naturalization proceeding, and the case was dismissed as moot on November 16, 2006.

Plaintiff moved for attorney's fees for work related to this litigation pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which provides in relevant part that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... including proceedings for judicial review of agency action ...." § 2412(d)(1)(A). A plaintiff qualifies as a "prevailing party" when "actual relief on the merits of a claim materially alters the legal relationship between the parties by modifying the defendants' behavior in a way that directly benefits the plaintiff .... The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought or comparable relief through a consent decree or settlement." Abrahamson v. Bd. of Educ., 374 F.3d 66, 78 (2d Cir. 2004). See also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603-04, 121 S.

Ct. 1835, 149 L. Ed. 2d 855 (2001). Following the Supreme Court's Buckhannon decision and its progeny, it is clear that to be a prevailing party, a plaintiff "must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned." Roberson v. Giuliani, 346 F.3d 75, 79 (2d Cir. 2003) (quoting N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester County Taxi & Limousine Comm'n, 272 F.3d 154, 157 (2d Cir. 2001)); see also Buckhannon, 532 U.S. at 605, 121 S. Ct. 1835.

In its prior ruling on Plaintiff's motion for attorney's fees, the Court incorrectly assessed the chain of events in this matter. The Court granted Plaintiff's motion on the understanding that at the November 8th hearing the Court had ordered CIS to complete processing Plaintiff's application and naturalize him the following day. However, upon review of the transcript of the November 8th hearing submitted by Defendants with its motion for reconsideration, the Court recognizes that nothing that transpired at that hearing or that is documented elsewhere in the record constitutes a judicially sanctioned order of relief. As Defendants correctly note in their motion for reconsideration, the Court's Order to Show Cause did not compel Defendants to adjudicate Plaintiff's naturalization application. Based on Plaintiff's allegations in his Complaint and Motion for expedited Judgment, the Order merely required the Defendants to show cause on November 8th why the relief requested should not be granted. Upon receipt of the Order to Show Cause, the Defendants took steps to request the FBI to expedite the FBI name check process and ultimately completed the processing of Plaintiff's application for naturalization prior to the hearing on November 8th. At the hearing, Defendants informed Plaintiff and the Court that the naturalization proceedings had been completed and that Plaintiff would in fact be naturalized the following day at the regularly scheduled naturalization proceedings. (See Defs.'

4

Mot. for Reconsideration, Ex. A, Hearing Transcript ("Hearing") at 5-6.) Although the Court allowed Plaintiff's counsel the opportunity to file a motion for attorney's fees, there was no determination at the November 8th hearing that there was an entitlement to such fees or that Plaintiff was a prevailing party. (Hearing at 10:23-25, 11:1-3 and 22-25, 15:14-19.) The Court's November 16th order dismissing the case also did not grant any relief to the plaintiff, and nothing on the docket reveals that Plaintiff was granted relief by the Court at any other time in any manner.

Technically speaking, then, Plaintiff did not receive any remedy or judgment ordered by the Court, and he therefore did not prevail in this matter. Given two years of delay in processing Plaintiff's application and their repeated failures to respond to Plaintiff's administrative inquiries, it is a stretch to describe Defendants as "voluntarily" giving Plaintiff precisely what he wanted in the lawsuit. See Ma v. Chertoff, No. 3:06CV1652(MRK), 2007 WL 869026, at *7 (D. Conn. March 2, 2007). However, it is nonetheless technically correct to state that the Government gave Plaintiff what he wanted without any judicial decision, order, or award in Plaintiff's behalf. Id. (citations omitted). See also, e.g., Morillo-Cedron v. District Director for the U.S. Citizenship & Immigration Servs., 452 F.3d 1254, 1257-58 (11th Cir. 2006) (finding that the plaintiff was not a prevailing party under the EAJA where CIS voluntarily granted plaintiff permanent resident status before the district court entered any final judgment); Perez-Arellano v. Smith, 279 F.3d 791, 795 (9th Cir. 2002) (plaintiff not a prevailing party under the EAJA where he obtained goal of naturalization without judicial sanction); Beaven v. Hansen, No. C-3-05-419, 2006 WL 1526118, at *3 (S.D. Ohio May 31, 2006) (denying fees to plaintiff who obtained change in status through voluntary action by CIS); Yick Hung Sim v. U.S.

5

Citizenship & Immigration Servs., No. C 04-4643 CW, 2006 WL 648726, at *2 (N.D. Cal. March 9, 2006) (same); Abiodun v. McElroy, No. 01-CV-0439 (LAK), 2002 WL 31999342, at *1 (S.D.N.Y. March 6, 2002) (same).

In response to Defendant's motion for reconsideration, Plaintiff argues that because the Court retained jurisdiction over this action until naturalization was performed, the Department of Homeland Security ("DHS") had no jurisdiction to complete the process without the directive of the Court. However, this Court's jurisdiction over Plaintiff's claim did not divest DHS of the jurisdiction to process and resolve Plaintiff's naturalization application. See Koren v. Chertoff, No. 3:07-cv-157 (PCD), 2007 WL 1431948, at *3-4 (D. Conn. May 14, 2007). Plaintiff also argues that the Court's retaining this matter until naturalization was completed means that the Court drove the naturalization process and therefore Plaintiff is a prevailing party. Practically speaking, it is correct to state that the Court drove the naturalization process in this case; as Attorney Hughes told Plaintiff's counsel before filing suit, only a lawsuit in this Court would motivate the Defendants to expedite Plaintiff's naturalization process. However, such instigation by the Court does not warrant the award of attorneys' fees. In Buckhannon, the Supreme Court explicitly rejected the long-standing "catalyst theory" that would allow for the award of fees and costs wherever a plaintiff's actions in a lawsuit had served as a "catalyst" to change the defendant's conduct to yield the relief sought. As discussed above, where the Government voluntarily grants the immigration relief sought by the plaintiff, the plaintiff is not a "prevailing party" entitled to attorney's fees under the EAJA. See Buckhannon, 532 U.S. at 604-05, 121 S. Ct. 1835; Pres. Coal. of Erie County v. Fed. Transit Admin., 356 F.3d 444, 451 (2d Cir. 2004). Here, because the Government voluntarily gave Plaintiff what he sought in the lawsuit and did so

without any judicial decision, order, or award in Plaintiff's behalf, the change in the parties' legal relationship was not judicially sanctioned and Plaintiff is therefore not entitled to attorney's fees under the EAJA.

As Defendants asserted at the November 8th hearing, Citizenship and Immigration Services can only request an expedited background check for an applicant whose naturalization application has been delayed after a lawsuit is filed. This system seems to unduly shift a burden onto the naturalization applicants—many of whom, like Plaintiff Melamud, may face serious hardship by hiring an attorney to represent them in such a matter but who see no practical alternative to enlisting a professional to navigate the morass of interconnected federal agencies involved in the naturalization process and advocate on their behalf. Current bureaucratic policy seems to present naturalization applicants with a rather harsh Catch-22: they can only prompt CIS to request the FBI to expedite their background check request if they file a lawsuit; but once the lawsuit is filed the Government may "voluntarily" expedite the background check request and finalize the applicant's naturalization process, thereby resolving the litigation before a Court enters an order and a plaintiff becomes a "prevailing party" entitled to attorney's fees under Buckhannon. Such a system seems to yield results that are contrary to the spirit of the Equal Access to Justice Act, even given, as this Court has previously recognized (see Hearing at 9-10), that the federal agencies are overburdened and that naturalization delays occur without any particular malice intended to any individual applicants such as Plaintiff Melamud. However, in light of Buckhannon and its progeny, there is nothing this Court can award Mr. Melamud by ways of costs or fees, regardless of the arguable inequities of the situation. Accordingly, Defendants' Motion for Reconsideration [Doc. No.16] is **granted**. The Court's prior ruling

awarding fees and costs [Doc. No. 15] is **vacated**, and Plaintiff's Motion for Attorney's Fees [Doc. No. 7] is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this  24th  day of September, 2007.

                                                   /s/
                                       Peter C. Dorsey, U.S. District Judge
                                       United States District Court